UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRY CICIO,

Plaintiff,

-against-

MARK ROYCE, SUPERINTENDENT; D.
MAZZELLA, SERGEANT; KRASHAW,
CORRECTION OFFICER; BENFORD, CORRECTION
OFFICER; RUSSO, DEPUTY SUPERINTENDENT
FOR SECURITY; HENN, LIEUTENANT;
RODRIGUEZ, CORRECTION OFFICER; AMIPACH,
LIEUTENANT; JOHANEMAN, SERGEANT;
CLAUSEN, CORRECTION OFFICER; BORUM,
CORRECTION OFFICER; AJIKOBI, CORRECTION
OFFICER; STANAWAY, INMATE GRIEVANCE
SUPERVISOR; ALVEREZ, CORRECTION OFFICER,

Defendants.

19-CV-9883 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, currently incarcerated at Five Points Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendants violated his rights under the First,

Eighth, and Fourteenth Amendments while he was incarcerated at Green Haven Correctional

Facility. By order dated November 21, 2019, the Court granted Plaintiff's request to proceed

without prepayment of fees, that is, *in forma pauperis*.[1]

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

## A.  Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Mark Royce, Superintendent; D. Mazzella, Sergeant; Krashaw, Correction Officer; Benford, Correction Officer; Russo, Deputy Superintendent for Security; Henn, Lieutenant; Rodriguez, Correction Officer; Amipach, Lieutenant; Johaneman, Sergeant; Clausen, Correction Officer; Borum, Correction Officer; Ajikobi, Correction Officer; Stanaway, Inmate Grievance Supervisor; and Alverez, Correction Officer, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S.

Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.**    Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Royce, Mazzella, Krashaw, Benford, Russo, Henn, Rodriguez, Amipach, Johaneman, Clausen, Borum, Ajikobi, Stanaway, and Alverez, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action. Within 120 days of the date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.

SO ORDERED.

Dated:    November 26, 2019
          White Plains, New York

                                        CATHY SEIBEL
                                  United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Mark Royce, Superintendent
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

2. D. Mazzella, Sergeant
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

3. Krashaw, Correction Officer
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

4. Russo, Deputy Superintendent for Security
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

5. Benford, Correction Officer
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

6. Henn, Lieutenant
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

7. Rodriguez, Correction Officer
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

8. Amipach, Lieutenant
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

9. Johaneman, Sergeant
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

10. Clausen, Correction Officer
    Green Haven Correctional Facility

594 Route 216
Stormville, New York 12582

11. Borum, Correction Officer
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582

12. Ajikobi, Correction Officer
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582

13. Stanaway, IGP Supervisor
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582

14. Alverez, Correction Officer
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582