UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

TERRY CICIO,

                                        Plaintiff,

            - against -

JASON ALVAREZ,

                                        Defendant.

---------------------------------------------------------------x

                                        **OPINION & ORDER**

                                        No. 19-CV-9883 (CS)

Appearances:

Terry Cicio
Auburn, New York
*Pro Se Plaintiff*

Nicholas L. Zapp
Harris, Conway & Donovan, PLLC
Albany, New York
*Counsel for Defendant*

Seibel, J.

        Before the Court is Defendant's motion for summary judgment.  (ECF No. 69.)  For the

following reasons, the motion is GRANTED.

I.      **BACKGROUND**

        The following facts are based on Defendant's Local Civil Rule 56.1 Statement, (ECF No.

71 ("D's 56.1 Stmt.")), and supporting materials, and are undisputed unless otherwise noted.[1]

---

[1] Plaintiff did not file a responsive Rule 56.1 Statement.  Local Civil Rule 56.1 requires that the
party opposing a motion for summary judgment submit a counterstatement responding to the
moving party's statement of material facts, indicating which facts are admitted and which the
opposing party contends are in dispute and require a trial.  L.R. 56.1(b).  Under the Local Rule,
"[i]f the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1
statement, that fact will be deemed admitted."  *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d
Cir. 2003) (citing L.R. 56.1(c)).  *Pro se* litigants are not excused from this requirement.  *SEC v.*

A.     **Facts**

Plaintiff is incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").  (D's 56.1 Stmt. ¶ 1.)  During the events relevant to this lawsuit, Plaintiff was held at Green Haven Correctional Facility ("Green Haven") in Stormville, New York.  (*Id.* ¶ 7.)  Plaintiff brings this lawsuit in connection with an August 13, 2019 search conducted by Defendant, a Green Haven correction officer, during which he allegedly used excessive force.  (ECF No. 49 at 11-12;[2] ECF No. 73 ("Stanaway Decl.") Ex. A; ECF No. 72-1 ("P's Depo.") at 58:5-71:6, 82:8-85:10.)  Because Defendant moves for summary judgment solely on the issue of exhaustion, it is not necessary to recount the facts alleged with regard to the search and use of force.

On August 14, 2019, Plaintiff filed grievance GH-92277-19 with the DOCCS inmate grievance program ("IGP") clerk, requesting that the Inmate Grievance Resolution Committee ("IGRC") fire Defendant or, in the alternative, suspend him without pay for at least a year and a half.  (Stanaway Decl. ¶ 11 & Ex. A; *see* ECF No. 74 ("Seguin Decl.") ¶ 12 & Ex. B.)  The IGRC categorized Plaintiff's filed grievance as a "harassment grievance" and forwarded it directly to the facility superintendent, pursuant to N.Y. Comp. Codes R. & Regs. tit. 7, §

---

*Tecumseh Holdings Corp.*, 765 F. Supp. 2d 340, 344 n.4 (S.D.N.Y. 2011).  Defendant served Plaintiff with the notice required by Local Civil Rule 56.2, (ECF No. 69), and Plaintiff was therefore aware that he was required to submit evidence, in the form of affidavits or other documents, to respond to Defendant's motion, yet he failed to do so.  Accordingly, I have discretion to consider any properly supported facts in Defendant's Local Civil Rule 56.1 Statement admitted.  But granting Plaintiff solicitude, I have considered his deposition testimony to see if it presents any genuine dispute of material fact.  *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[W]hile a court is not required to consider what the parties fail to point out in their Local Rule 56.1 statements, it may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file such a statement.") (cleaned up).

[2] The page reference is to the numbers assigned by the Court's Electronic Case Filing system.

701.8(b), (c).  (Stanaway Decl. ¶ 12; *see* Seguin Decl. ¶ 7.)  On September 23, 2019, when

Plaintiff had not yet received a decision from the superintendent, Plaintiff requested a direct

appeal to the Central Office Resolution Committee ("CORC").  (Stanaway Decl. ¶ 13 & Ex. B;

Seguin Decl. ¶ 13 & Ex. C.)[3]  Personnel at Green Haven forwarded the appeal to CORC, where it

was received on September 30, 2019.  (Stanaway Decl. ¶ 14 & Ex. C; Seguin Decl. ¶ 13 & Ex.

C.)[4]  On January 22, 2020, the superintendent issued a determination on Plaintiff's grievance,

noting that there was a documented "Use of Force" on file and that Plaintiff had been transferred

out of Green Haven.  (Stanaway Decl. Ex. D.)  Plaintiff again appealed the superintendent's

decision on January 27, 2020.  (*Id*.; Seguin Decl. ¶ 14 & Ex. D.)  On March 11, 2021, CORC

issued its determination on Plaintiff's appeal, denying Plaintiff's request to fire or suspend

Defendant without pay.  (Seguin Decl. ¶ 15 & Ex. E.)

### B.    Procedural History

Plaintiff filed his original Complaint on October 22, 2019, bringing claims under 42

U.S.C. § 1983 against fourteen Green Haven employees in their individual capacities for

violations of the First, Fourth, Eighth, and Fourteenth Amendments.  (ECF No. 2 at 5, 8-9.)  At a

pre-motion conference on September 21, 2020, I granted Plaintiff leave to amend his complaint.

(Minute Entry dated Sept. 21, 2020.)  Plaintiff submitted his Amended Complaint on October 9,

---

[3] Under  N.Y. Comp. Codes R. & Regs. tit. 7, § 701.8(f), the superintendent has twenty-five days
from receipt of the grievance to render a decision.  If no decision is received within that window,
the prisoner may appeal to CORC.  *Id.* § 701.8(g).  Defendant's submissions do not indicate the
date on which the Green Haven superintendent received Plaintiff's grievance, but that fact is not
necessary to decision on the motion, as Defendant does not challenge Plaintiff's direct appeal to
CORC on September 23, 2019 as premature.

[4] The transmission of Plaintiff's appeal from Green Haven to CORC was timely.  Under N.Y.
Comp. Codes R. & Regs. tit. 7, § 701.5(d)(1)(ii), the facility has eight days to transmit a
prisoner's appeal to CORC.

2020.  (ECF No. 49.)  On October 20, 2020, Defendant Alvarez filed his answer to the Amended

Complaint, (ECF No. 51), and on November 16, 2020, Plaintiff voluntarily dismissed his claims

against all defendants except for Alvarez, (ECF No. 52).

On July 20, 2021, the Court held a status conference and set the briefing schedule for the

instant motion.  (*See* Minute Entry dated July 20, 2021.)  On October 1, 2021, Defendant

submitted the instant motion, (ECF No. 69), and supporting papers, seeking summary judgment

on the ground that Plaintiff failed to exhaust his administrative remedies prior to filing suit.

Plaintiff sought an extension of time to file his opposition, (ECF No. 76), which was granted,

(ECF No. 77), but failed to file his opposition or any supporting papers.

## II.   LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby,

Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit

under the governing law . . . .  Factual disputes that are irrelevant or unnecessary will not be

counted."  *Id.*  On a motion for summary judgment, "[t]he evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.

The movant bears the initial burden of demonstrating "the absence of a genuine issue of

material fact," and, if satisfied, the burden then shifts to the non-movant to "present evidence

sufficient to satisfy every element of the claim."  *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d

Cir. 2008).  "The mere existence of a scintilla of evidence in support of the [non-movant's]

position will be insufficient; there must be evidence on which the jury could reasonably find for

the [non-movant]." *Anderson*, 477 U.S. at 252.  Moreover, the non-movant "must do more than

simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "may not rely on conclusory

allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423,

428 (2d Cir. 2001) (cleaned up).

      "A party asserting that a fact cannot be or is genuinely disputed must support the

assertion by . . . citing to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations . . .

admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1).  Where a

declaration is used to support or oppose the motion, it "must be made on personal knowledge, set

out facts that would be admissible in evidence, and show that the . . . declarant is competent to

testify on the matters stated."  *Id.* at 56(c)(4); *see Major League Baseball Props., Inc. v. Salvino,*

*Inc.*, 542 F.3d 290, 310 (2d Cir. 2008).  If "a party fails . . . to properly address another party's

assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for

purposes of the motion" or "grant summary judgment if the motion and supporting materials –

including the facts considered undisputed – show that the movant is entitled to it."  Fed. R. Civ.

P. 56(e).

      *Pro se* litigants must be afforded "special solicitude," *Tracy v. Freshwater*, 623 F.3d 90,

101 (2d Cir. 2010), "particularly where motions for summary judgment are concerned," *Jackson*

*v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014).  Where, as here, the non-moving party fails to

meaningfully respond to the movant's summary judgment motion, "the district court may not

grant the motion without first examining the moving party's submission to determine if it has

met its burden of demonstrating that no material issue of fact remains for trial."  *Vt. Teddy Bear*

*Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (cleaned up).  "If the evidence

submitted in support of the summary judgment motion does not meet the movant's burden of

production, then summary judgment must be denied even if no opposing evidentiary matter is

presented." *Id.* (cleaned up).

III.   **DISCUSSION**

    A.   **Exhaustion Under the PLRA**

      The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is required for "all

inmate suits about prison life, whether they involve general circumstances or particular

episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The PLRA mandates that a plaintiff use

"all steps that the agency holds out, and do[] so properly" – that is, in accordance with the

applicable agency rules. *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (cleaned up).

Exhaustion of available administrative remedies "must be complete prior to commencement of

suit . . . [and t]he fact that a grievance is filed, or the process is completed, subsequent to

commencement of suit will not salvage an otherwise premature filing." *Chalif v. Spitzer*, No. 05-

CV-1355, 2008 WL 1848650, at *13 (N.D.N.Y. Apr. 23, 2008) (cleaned up).[5]

      For inmates in New York State prison, administrative exhaustion involves compliance

with DOCCS' three-tiered IGP, in which (1) the prisoner must file a grievance with the IGRC

within twenty-one days of the alleged occurrence, (2) the prisoner must then appeal an adverse

decision by the IGRC to the superintendent of the facility within seven days after receipt of the

---

[5] The Court will send copies of all unpublished decisions cited in this opinion to Plaintiff.

IGRC's response, and (3) the prisoner must then appeal an adverse decision by the superintendent to the CORC within seven days after receipt of the superintendent's response. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5; *McGee v. McGready*, No. 16-CV-4187, 2018 WL 2045094, at *2 (S.D.N.Y. Apr. 30, 2018).  The IGP requires the CORC to respond to an appeal within thirty days of its receipt.  N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(d)(3)(ii).  If CORC fails to rule within that period, the inmate is considered to have exhausted and may file suit.  *Hayes v. Dahlke*, 976 F.3d 259, 270 (2d Cir. 2020).

Inmate-plaintiffs are required to wait until CORC's thirty-day deadline has elapsed before their claims are deemed fully exhausted.  *Id.* at 270-71.  In *Hayes*, the inmate-plaintiff "waited only 26 days after the CORC received the appeal of his grievance against the superintendent, four days short of the 30-day deadline for the CORC to respond."  *Id.* at 271.  The Circuit found that "[w]hile Hayes need not wait indefinitely after the agency fails to follow its own deadline at the final stage of appeal, he must actually wait for that deadline to expire before filing suit."  *Id.*

## B.      Plaintiff's Failure to Exhaust

Defendant argues that Plaintiff failed to exhaust his administrative remedies prior to filing the instant lawsuit.  (ECF No. 70 ("D's Mem.") at 8-10.)[6]  Specifically, Defendant claims that Plaintiff prematurely filed his Complaint within CORC's thirty-day window to issue a determination on Plaintiff's appeal, and thus did not fully exhaust his administrative remedies under the IGP.  (*Id.* at 9.)

Defendant's submissions establish that Plaintiff filed an appeal to CORC on September 23, 2019, (Stanaway Decl. Ex. B), which CORC received on September 30, 2019, (Stanaway

---

[6] The page reference is to the numbers assigned by the Court's Electronic Case Filing system.

Decl. Ex. C).  Plaintiff filed his Complaint on October 22, 2019, (ECF No. 2) – twenty-two days after CORC received the appeal and nine days before the expiration of CORC's thirty-day deadline to respond.  *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(d)(3)(ii).  Because Plaintiff was required to wait thirty days from the date on which CORC received his appeal before filing his Complaint, Plaintiff failed to exhaust his administrative remedies because he initiated the instant lawsuit nine days too soon.

CORC's eventual determination on March 11, 2021 does not cure Plaintiff's failure to exhaust.  Courts in the Second Circuit "routinely dismiss claims for failure to exhaust administrative remedies under the PLRA even where CORC issues a decision after the plaintiff filed a federal complaint."  *Hamilton v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 18-CV-1312, 2021 WL 5095962, at *11 (N.D.N.Y. Aug. 18, 2021) (cleaned up) (collecting cases), *report and recommendation adopted sub nom. Hamilton v. Annucci*, No. 18-CV-1312, 2021 WL 4316747 (N.D.N.Y. Sept. 23, 2021); *see Scott v. Uhler*, No. 16-CV-403, 2019 WL 5197139, at *5 (N.D.N.Y. July 31, 2019) ("Receiving a decision from CORC after filing a federal lawsuit does not satisfy the PLRA's requirement that administrative remedies be exhausted before filing suit, and any such action must be dismissed without prejudice").[7]

C.    **Possible Exceptions to the Exhaustion Requirement**

Although the Supreme Court has deemed exhaustion mandatory, courts must consider the PLRA's "textual exception to mandatory exhaustion" – that is, whether administrative remedies

---

[7] That Plaintiff filed an Amended Complaint on October 9, 2020, is likewise irrelevant.  Even "[w]here a plaintiff files an amended complaint, the operative date for an exhaustion analysis is the date of plaintiff's original complaint."  *Fabrizio v. Annucci*, No. 18-CV-339, 2019 WL 3351643, at *8 (N.D.N.Y. June 27, 2019), *report and recommendation adopted*, 2019 WL 5287959 (N.D.N.Y. Oct. 18, 2019).

were "available" to the prisoner. *Ross v. Blake*, 578 U.S. 632, 642 (2016).  The Supreme Court identified three circumstances where administrative remedies may be unavailable.  *See id.* at 643-45.  First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates."  *Id.* at 643.  Second, "[a]n administrative scheme might be so opaque that it becomes, practically speaking, incapable of use."  *Id.*  Third, administrative remedies are unavailable where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

First, Plaintiff has not established that the grievance process "operates as a simple dead end."  Indeed, Plaintiff testified that he has filed approximately twenty to twenty-two grievances while incarcerated, (P's Depo. at 39:8-11), and has "won" one of them, (*id.* at 39:12-21).  In this case, the superintendent and CORC considered and ruled on Plaintiff's petitions, albeit belatedly; his pleas did not go into a black hole.  The Court is satisfied that the IGP process can provide relief and is thus not unavailable in this respect.  Further, although Plaintiff's testimony suggests that he has concerns with the IGP, (*see, e.g.*, P's Depo. at 40:21-41:8 ("Those grievances that I filed for those lawsuits were never even responded to, so this is the problem with the prison system and the grievance system.  It just does not work.")), Plaintiff's "subjective belief does not render the remedies unavailable here."  *Hayes*, 976 F.3d at 272.

Second, Plaintiff cannot argue that the IGP is opaque, given the clarity of the relevant regulations and Plaintiff's own familiarity with the process.  Plaintiff testified during his deposition that "exhaustion of administrative remedies is before you bring anything to a court . . .

I have to actually file that claim and then I have to get my decisions." (P's Depo. at 41:13-17.)
He further testified, "If no decision is rendered within a specified amount of time, I have
exhausted my administrative remedies," (*id*. at 41:17-19; *see id.* at 42:3-9), and "CORC has 30
days to issue a response to your grievance," (*id.* at 37:6-14). The Court is satisfied that the
grievance process is sufficiently clear, especially to Plaintiff, who has demonstrated a
sophisticated understanding of the IGP.

Third, Plaintiff has failed to show that prison administrators prevented him from
exhausting his claims through "machination, misrepresentation, or intimidation." At the July 20,
2021 status conference, Plaintiff argued that he was unable to wait until CORC's thirty-day
deadline elapsed because he feared for his safety. (*See* Minute Entry dated July 20, 2021.)
"Specific threats of retaliation or intimidation by prison employees can render administrative
remedies unavailable." *Lutz v. Francisco*, No. 20-CV-240, 2020 WL 9264825, at *5 (N.D.N.Y.
Dec. 10, 2020) (cleaned up), *report and recommendation adopted*, 2021 WL 868618 (N.D.N.Y.
Mar. 9, 2021). But because Plaintiff failed to file an opposition and explain this claim, there is
no evidence of any "[s]pecific threats of retaliation or intimidation by prison employees," *id.*,
how they were made, or how they rendered Plaintiff's administrative remedy unavailable.
Moreover, "the Second Circuit has concluded that when an inmate files a grievance,
notwithstanding the threats of retaliation and intimidation of which that inmate complains, the
failure to *fully* exhaust under the PLRA will not be excused on this ground." *Grant v. Kopp*, No.
17-CV-1224, 2019 WL 368378, at *6 (N.D.N.Y. Jan. 3, 2019) (emphasis added), *report and
recommendation adopted*, 2019 WL 367302 (N.D.N.Y. Jan. 30, 2019); *see, e.g.*, *McNab v. Doe*,
686 F. App'x 49, 51 (2d Cir. 2017) (summary order) ("Appellant asserted that defendants tried to
intimidate him, and intimidation can excuse the failure to exhaust. However, none of the actions

allegedly taken by the defendants actually prevented Appellant from submitting his complaint letter.  Appellant was able to take the first step in the grievance process, and nothing in the record suggests he was intimidated from taking the next step (appealing the rejection of his informal grievance).") (cleaned up).

Because Plaintiff did not wait for CORC's deadline to expire before filing suit, he failed to exhaust his administrative remedies under the PLRA, and this case must be dismissed. Plaintiff is free, however, to reinstitute his claims by filing a new and separate action, if it would otherwise be timely.  *See Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004) (where a plaintiff fails to exhaust administrative remedies, and the defect can be cured, dismissal without prejudice is proper).

    **D.**    **Leave to Amend**

Leave to amend a complaint should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[I]t is within the sound discretion of the district court to grant or deny leave to amend."  *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (cleaned up).  "Leave to amend, though liberally granted, may properly be denied" for "'repeated failure to cure deficiencies by amendments previously allowed'" or "'futility of amendment,'" among other reasons.  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff has already amended once, (ECF No. 49), and has not asked to amend again or otherwise suggested that he is in possession of facts that would cure the deficiencies identified in this opinion.  *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if plaintiff fails to specify how amendment would cure the pleading deficiencies in the complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011)

(district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004) (*per curiam*) (district court did not abuse its discretion by not granting leave to amend where there was no indication as to what might have been added to make the complaint viable and plaintiffs did not request leave to amend).  Indeed, "[t]he problem with [Plaintiff's] cause[] of action is substantive," and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Accordingly, the Court declines to grant leave to amend *sua sponte*.

## IV.   <u>CONCLUSION</u>

For the reasons stated above, Defendant's motion for summary judgment is GRANTED and Plaintiff's claim is dismissed without prejudice.  The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 69), enter judgment for Defendant, and close the case.

**SO ORDERED.**

Dated:  April 4, 2022
          White Plains, New York

_____
     CATHY SEIBEL, U.S.D.J.